IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

U.S. DISTRICT COURT

2006 FEB -7  P 2: 01

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| FLYING J INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT COMMUNICATIONS CO., L.L.P., et al.,<br><br>Defendants. | ORDER & MEMORANDUM DECISION<br><br>1:99CV00111TC |

This matter is before the court on Defendant Sprint Communications Company L.P.'s Motion for Certification of Order and Stay of Action Pursuant to 28 U.S.C. § 1292(b). Sprint's motion seeks certification of certain portions of this court's Order and Memorandum Decision, dated January 4, 2006, for immediate appeal.

28 U.S.C. § 1292(b) allows district courts to certify an order for interlocutory appeal if the court concludes that (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. 1292(b) (1993).

Sprint identifies two issues that it deems worthy of certification: (1) whether the court correctly concluded that a litigant can pursue a private right of action under 42 U.S.C. § 201(b) to recover from a common carrier due to an alleged failure to pay adequate "dial around" compensation, and (2) whether the court properly concluded that Flying J's state law claims are not preempted by federal law.

Both of these issues involve questions of controlling law, as the absence of a private right to sue and the preemption of state law claims would effectively deprive this court of subject matter jurisdiction over claims that the court retained jurisdiction over by virtue of the January 4, 2006, order.

Also, as the court acknowledged in its order, there exists a difference of opinion as to the proper resolution of the issues identified by Sprint. This court discussed at some length a split in circuit authority when addressing the question of whether a private right of action exists under 42 U.S.C. § 201(b). See generally Metrophones Telecomm., Inc. v. Global Crossing Telecomm., Inc., 423 F.3d 1056 (9th Cir. 2005); APCC Servs., Inc. v. Sprint Commc'n Co., 418 F.3d 1238 (D.C. Cir. 2005).

Additionally, the court is convinced that the issue of state law preemption satisfies the requirements of § 1292(b) in this regard as that issue is one of first impression in this circuit. See United Transp. Union Local 1745 v. City of Albuquerque, 178 F.3d 1109, 1114 (10th Cir. 1999) (accepting an interlocutory appeal after noting that "the controlling question herein is novel and has not been previously ruled upon in this circuit . . . .").

Finally, an immediate resolution of the issues identified by Sprint may materially advance the disposition of this litigation. It would amount to nothing but a waste of this court and counsels' time if discovery and trial were pursued as to Flying J's claim under 42 U.S.C. § 201(b) as well as its state law claims, only to discover on appeal that this court never had subject matter jurisdiction over those claims to begin with.

The court concludes that each of the requirements imposed by 28 U.S.C. § 1292(b) is met as to the specific portions of the court's order identified by Sprint and therefore modifies its January 4, 2006, Order and Memorandum Decision to certify the order's resolution of the

2

following questions for immediate appeal:

1. Does § 201(b) of the Communications Act of 1934, as amended (the "Act"), confer a private right to sue in federal court for a common carrier's alleged failure to pay adequate "dial around" compensation as required under relevant FCC regulations?

2. Do § 276 of the Act and the relevant FCC regulations, which establish both the obligations to pay dial-around compensation and administrative procedures for enforcement of such obligations, preempt state law claims based upon a common carrier's alleged failure to pay the dial-around compensation required under the federal regulations, including claims for negligence, breach of implied contract, unjust enrichment, and accounting?

The court further orders that all proceedings in this matter be stayed pending resolution of the questions certified for immediate appeal.

SO ORDERED this 7 day of February, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge

3