IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., et al., <br><br>                            Plaintiffs, <br><br>     vs. <br><br> SPRINT COMMUNICATIONS CO., L.L.P., et al., <br><br><br>               Defendants. | ORDER & MEMORANDUM DECISION <br><br><br> 1:99 CV 111 TC |

       This matter is before the court on Defendant Sprint Communications Co., L.L.P.'s Motion to Stay Action.  Sprint argues that a stay is appropriate pending a decision from the United States Supreme Court in Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc., 423 F.3d 1056 (9th Cir. 2005), cert granted 126 S.Ct. 1329 (2006).  It is anticipated that the Supreme Court's decision in that case will resolve a critical and contested legal issue in this case.

       On January 4, 2006, this court concluded that Flying J could pursue a private cause of action under 42 U.S.C. § 201(b) to recover allegedly inadequate dial around compensation received from Sprint.  Additionally, the court made preemption determinations concerning several state law claims raised by Flying J.  On February 7, 2006, the court granted Sprint's request that the court certify those portions of the January 4, 2006 order concerning the court's § 201(b) conclusion, as well as its determinations concerning potential preemption of Flying J's state law claims.

On March 14, 2006, the Tenth Circuit declined to hear the appeal, explaining that on February 21, 2006, the United States Supreme Court granted certiorari on the § 201(b) issue in Global Crossing.  (Order, March 14, 2006, dkt. #129, attached as Ex. 4 to Sprint's Mem. in Supp. of Mot. to Stay Action.)  Additionally, the Tenth Circuit denied Sprint's request for review of the preemption issues "without prejudice in the event the district court should certify the issue a second time after the Supreme Court issues its opinion in Global Crossing."  (Id.)

Sprint now moves this court for an order staying this action until the Supreme Court issues its decision in Global Crossing.  The court has discretionary authority to stay the present action based upon its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  The court, in its order granting Sprint's request for certification of the January 4, 2006 order, has already stressed the importance of the § 201(b) determination.  The court remains convinced that judicial economy will best be served by staying all proceedings in this action until a binding appellate decision on the § 201(b) issue is released.  Therefore, Sprint's Motion to Stay Action is GRANTED.

The court's review of the docket reveals that, other than Sprint's motion to stay, Flying J's Motion to Dismiss Counterclaim is the only motion pending in this matter.  Resolution of that motion is stayed at this time.  Counsel are hereby ordered to inform the court when the United States Supreme Court issues its decision in Global Crossing.  At that time, the court will schedule a status conference to determine the best manner in which to move this case forward.

SO ORDERED this 22nd day of May, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge