IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SPRINT COMMUNICATIONS CO., L.L.P., et al.,<br><br>                    Defendants. | **ORDER AND<br>MEMORANDUM DECISION**<br><br>1:99-cv-111 |

The court stayed this case pending the decision by the Supreme Court in Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc., 127 S. Ct. 1513, ___ U.S. ___ (2007). At the same time, the court stayed the Motion to Dismiss the Counterclaim which was filed by Plaintiffs Flying J Inc. and TON Services, Inc. (together "Flying J").

After the Supreme Court issued its Metrophones ruling, the court reopened the case and now GRANTS Flying J's Motion to Dismiss the Counterclaim.[1]

**BACKGROUND**

On January 4, 2006, the court ruled that under 42 U.S.C. § 201(b), Flying J could sue as a private enforcement mechanism to recover allegedly inadequate dial around compensation

---

[1] In light of the Supreme Court's ruling in Metrophones, the court declines the invitation to reconsider its January 4, 2006 Order denying in part Sprint's Motion to Dismiss on the basis "that a private right of action exists under 47 U.S.C. § 201(b) and that Sprint can continue with this claim." (Order and Mem. Dec., 8 (Jan. 4, 2006).)

received from Defendant Sprint Communication Co., L.L.P ("Sprint").  In the order, however, the court concluded that there was no private right to enforcement under 47 U.S.C. §§ 276, 407, and 416(c), and dismissed Flying J's claims arising under those provisions.  Based on that ruling, Flying J moved to dismiss Sprint's counterclaim, arguing that Sprint did not—and could not—allege a claim under § 201.

Before ruling on Flying J's motion to dismiss Sprint's counterclaim, the court granted a motion to stay this action on May 22, 2006, until the Supreme Court issued its ruling in Metrophones, because the ruling may affect the court's the January 4 order.  The court similarly stayed the motion to dismiss the counterclaim.

On April 17, 2007, the Supreme Court issued its ruling in Metrophones, prompting the court to reopen the case.

## DISCUSSION

I.  **Motion to Dismiss Counterclaim**[2]

Flying J bases its motion to dismiss the counterclaim on this court's January 4 order. Ruling that the statutes afforded no private right to enforce, the court dismissed Flying J's causes of action arising under 47 U.S.C. §§ 276, 407, and 416(c).  But because the court specifically found a private right to enforce under 47 U.S.C. § 201, the court denied in part Sprint's motion to dismiss.  Flying J filed a motion to dismiss Sprint's counterclaim, arguing that Sprint cannot bring a claim under § 201.

Sprint has not alleged facts to bring the counterclaim under § 201, and the court's January

---

[2]In a docket text order on September 25, 2006, the court administratively closed this case, at which time the motion to dismiss counterclaim—which was fully briefed—was terminated.

4, 2004 Order makes clear that there is no private right to enforcement under 47 U.S.C. §§ 276, 407, OR 416(c).  As explained in the June 27 hearing, the court GRANTS Flying J's motion.

## CONCLUSION

For the foregoing reasons, the court GRANTS Flying J's Motion to Dismiss the Counterclaim (dkt. #130).

DATED this 24th day of August, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge